UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

January 28, 2021

Paul R. Schlitz, Jr., Esq.
Mering and Schlitz, LLC
343 N. Charles Street, Third Fl.
Baltimore, MD 21201

Jillian E. Quick, Esq.
Social Security Administration
Altmeyer Building, Room 617
6401 Security Blvd.
Baltimore, MD 21235

Subject: Frank P. v. Andrew Saul, Commissioner, Social Security Administration
Civil No.: BPG-20-685

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 4), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 13) and Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 14). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 10) is denied and Defendant's Motion (ECF No. 14) is granted.

## I. Background

On February 29, 2016, plaintiff filed a Title XVI application for supplemental security income, alleging disability beginning on June 30, 2014. (R. at 170-76). His claim was initially denied on July 11, 2016 (R. at 90-93), and on reconsideration on November 18, 2016 (R. at 100-01). After a hearing held on October 12, 2017, an Administrative Law Judge ("ALJ") issued a decision on December 1, 2017, denying benefits based on a determination that plaintiff was not disabled. (R. at 12-35). The Appeals Council denied plaintiff's request for review on June 11, 2018 (R. at 1-6). Thereafter, on May 16, 2019, this court remanded plaintiff's case to the Commissioner for further evaluation. (R. at 1627-32). An ALJ held a second hearing on October 1, 2019. Following that hearing, on December 19, 2019, the ALJ issued an opinion again denying benefits. (R. at 1558-79). Plaintiff challenges the Commissioner's decision on the following grounds: 1) the ALJ improperly evaluated the medical opinions in plaintiff's record; 2) the ALJ did not afford plaintiff a full and fair hearing; and 3) the ALJ incorrectly found that plaintiff's mental impairment was nonsevere.

## II. Discussion

First, plaintiff argues that the ALJ did not properly evaluate all the medical opinions included in plaintiff's record. (ECF No. 13-1 at 8-10). Plaintiff states that the ALJ failed to consider the 2016 evaluation by Dr. Reddy and improperly rejected the opinions of Ms. Schneider,

<u>Frank P. v. Andrew Saul, Commissioner, Social Security Administration</u>
Civil No.: BPG-20-685
January 28, 2021
Page 2

Ms. Richert, and Ms. Santiago. (<u>Id.</u>) The ALJ did, however, consider Dr. Reddy's 2016 evaluation in the discussion of plaintiff's RFC, stating "the May 2016 consultative examination [by Dr. Reddy] revealed that [plaintiff] could lift up to 30 pounds and could ambulate without an assistive device." (R. at 1568). Regarding Ms. Schneider's opinion and Ms. Richert's 2019 opinions, the ALJ states they were considered but afforded them little weight as they were not consistent with the overall record. (R. at 1570). Lastly, the ALJ explains that Ms. Santiago's opinion was afforded no weight regarding plaintiff's physical functional limitations as this was outside of Ms. Santiago's area of expertise. (R. at 1570). In sum, the ALJ specifically addressed the opinions of these providers and explained why the opinions were afforded little to no weight. Accordingly, remand is not warranted on this issue.

Plaintiff also argues that the ALJ improperly rejected the opinions of Ms. Richert and Ms. Santiago under the treating source rule. (ECF No. 13-1 at 9). For claims filed before March 27, 2017, the ALJ must generally give more weight to a treating source's opinion. 20 C.F.R. § 416.927(c)(2). Yet, the treating source must be an "acceptable medical source," which is defined as a licensed physician, psychologist, optometrist, podiatrist, or qualified speech-language pathologist. 20 C.F.R. §§ 416.902(a)(1)-(5); 416.927(a)(2). In this case, Ms. Richert is a Certified Registered Nurse Practitioner (CRNP) and Ms. Santiago is a Licensed Graduate Social Worker (LGSW), and, therefore, neither qualify as an acceptable medical source that would be afforded more weight under the applicable treating source rule. (R. at 1386, 1393). Therefore, the ALJ did not err in his consideration of the opinions of Ms. Richert and Ms. Santiago, and remand is not warranted on this issue.

Plaintiff's second argument is that the ALJ did not afford plaintiff a full and fair hearing. (ECF No. 13-1 at 10-11). Specifically, plaintiff argues that the ALJ gave the previous ALJ's opinion significant weight even though the ALJ's findings in 2017 did not consider plaintiff's medical records and evidence since that time. (<u>Id.</u> at 10). Following this court's remand of plaintiff's case in 2019, the Appeals Council issued a notice stating that an ALJ "will offer [plaintiff] the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." (R. at 1613). As instructed, the ALJ did hold a hearing in plaintiff's case and stated that the ALJ was "in no way bound by the previous determinations." (R. at 1584). The ALJ also indicated that plaintiff's entire record was considered in the issuance of the ALJ's opinion. (R. at 1563). Regarding the ALJ's attention to plaintiff's medical record and evidence since the last ALJ hearing in December 2017, the ALJ references plaintiff's medical records from 2018-2019 multiple times throughout the decision. (R. at 1564-66, 1569-70). Accordingly, proper legal standards were employed by the ALJ and remand is not warranted on this issue.

Finally, plaintiff argues that the ALJ erred at step two in finding that plaintiff's mental impairment was nonsevere. (ECF No. 13-1 at 11-13). Specifically, plaintiff states that the ALJ failed to give plaintiff's treating physician, Dr. Stagg, and treating social worker, Ms. Santiago, the proper weight. (<u>Id.</u>) As stated above, for claims filed before March 27, 2017, the ALJ must generally give more weight to a treating source's opinion. 20 C.F.R. § 416.927(c)(2). In this case, as noted earlier, Ms. Santiago, a social worker, is not considered an acceptable medical source

Frank P. v. Andrew Saul, Commissioner, Social Security Administration
Civil No.: BPG-20-685
January 28, 2021
Page 3

whose opinion is entitled to more weight.  Dr. Stagg, however, qualifies as an acceptable medical source and treated plaintiff for over a year.  (R. at 1414, 1439, 1456, 1482, 1499, 1516, 1551).

As stated above, however, only a treating source's <u>opinion</u> receives the consideration of controlling weight.  20 C.F.R. § 416.927(c)(2).  A medical opinion is defined as a statement "that reflect judgments about the nature and severity of [plaintiff's] impairment(s), including [plaintiff's] symptoms, diagnosis and prognosis, what [plaintiff] can still do despite impairment(s), and [plaintiff's] physical or mental restrictions."  20 C.F.R. § 416.927(a)(1).  In this case, plaintiff's record contains treatment notes from Dr. Stagg, referenced by plaintiff, in which Dr. Stagg noted that plaintiff's insight, judgment, and impulse control was fair.  (ECF No. 13-1 at 5).  There is no further elaboration from Dr. Stagg's treatment notes, and plaintiff does not reference any other documents in plaintiff's record, in which Dr. Stagg further opines about the nature and severity of plaintiff's impairments or plaintiff's restrictions.  Given that Dr. Stagg does not articulate any specific opinion regarding plaintiff's condition in the treatment notes cited by plaintiff, the ALJ did not err in his consideration of the doctor's treatment notes.  Accordingly, remand is not warranted on this issue.

### III.    Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 13) is DENIED and Defendant's Motion (ECF No. 14) is GRANTED.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/
Beth P. Gesner
Chief United States Magistrate Judge